# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BING LIM,<br><br>    Plaintiff,<br>      v.<br><br>DENIS RIORDAN, USCIS Boston District Director in his Official Capacity; EMILY COSTA, USCIS Boston Field Office Director in her Official Capacity, ALEJANDRO MAYORKAS, Secretary of Homeland Security in his Official Capacity,<br><br>    Respondents. | Case No.<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**<br><br>Immigration Case |

## INTRODUCTION

1. Plaintiff Bing Lim (Plaintiff) seeks an order compelling Defendants to adjudicate his pending application for adjustment of status, or lawful permanent residency.

2. On October 18 2018, Plaintiff's wife, Heidi Jeanne Lim, filed a Form I-130, Petition for Alien Relative (Form I-130) on his behalf. The Form I-130 was approved on May 24, 2019. See **Exhibit A.**

3. On April 23, 2020, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status (Form I-485). See **Exhibit B.**

4. On November 10, 2020, Plaintiff attended the Biometrics

Appointment. On November 24, 2020, Plaintiff was interviewed by U.S. Citizenship and Immigration Services (USCIS) in connection with his Form I-485. *See* **Exhibit C**. His case was held for review while the field office awaited the transfer of his A file from another USCIS office. *See* **Exhibit D.**

5. On December 14, 2020, January 11, 2021, January 26, 2021, February 19, 2021, May 3, 2021, July 23, 2021, and November 30, 2021 Plaintiff submitted inquiries with multiple officials at USCIS, including Ombudsman's office, congressional assistance and Defendants Riordan and Costa, seeking adjudication of his application. None of those efforts resulted in the USCIS making a decision. *See* **Exhibit F**.

6. USCIS' refusal to adjudicate Plaintiff's applications is a violation of its mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. § 1361 (mandamus).

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; because a substantial part of the events or omissions giving rise to the claim occurred in Boston,

Massachusetts, in the District of Massachusetts and because there is no real property involved in this action.

## PARTIES

9. Plaintiff Bing Lim is a citizen of Canada and native of Malaysia who resides in Marblehead, Massachusetts.

10. Defendants Denis Riordan and Emily Costa are sued in their official capacity as the USCIS Boston District Director and the USCIS Boston Field Office respectively. In their capacity, they are responsible for the adjudication of applications for adjustment of status based on the approved I-130 for foreign nationals residing in Massachusetts.

11. Defendant Alejandro Mayorkas is sued in his official capacity as the Department of Homeland Security is the agency that is overseeing the execution of immigration laws in the United States.

## STATEMENT OF LAW

12. <u>'Reasonable Time' Requirement of APA and Title 5 Empowerment of Reviewing Court</u>

Section 555(b) of the Administrative Procedure Act clearly requires timeliness on the part of an agency:

> With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time, each agency shall proceed to conclude a matter presented to it.** 5 U.S.C. § 555(b). (emphasis added).

Further, Section 706(1) of Title 5 mandates:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.   The reviewing court shall— (1) **compel agency action** unlawfully withheld or **unreasonably delayed**; 5 U.S.C. § 706(1).  (emphasis added).

13. <u>"TRAC Factors" to Support Claim of Unreasonable Agency Delay</u>

In determining whether or not an agency delay is unreasonable for the purposes of APA/Mandamus suits, numerous courts have adopted the so-called "TRAC Factors" outlined in *Telecomms, Research & Action Ctr. v. F.C.C.* ("TRAC"), 750 F. 2d 70, 80 (D.C. Cir. 1984).  *See, e.g., Brower v. Evans*, 257 F. 3d 1058, 1068 (9th Cir. 2001); *Kashkool v. Chertoff*, 553 F. 10Supp. 2d 1131, 1147 (D. Ariz. 2008).  Among the TRAC factors are considerations of the hardships imposed by the delayed agency action, including the guidance that delays are less tolerable "when human health and welfare are at stake" rather than just economic interests. 13. Additionally, the reasonableness of the delay must be judged in light of Respondents' justifications for such delays. *Kashkool* (citing *Fraga v. Smith*, 607 F. Supp. 517, 522 (D.Or.1985)).  In *Yong Tang v. Chertoff*, 493 F. Supp. 2d 148, 155-156 (D. Mass 2007), Judge Gertner wrote,

> While "reasonable time" is not a clear standard, I cannot simply ignore it as meaningless. See Imperial Production Corp. v. Sweetwater, 210 F.2d 917, 920 (5th Cir. 1954) ("The legislature is never presumed to

have done a vain thing in the enactment of a statute."); Citizens Bank v. Strumpf, 516 U.S. 16, 20 (1995).

Nor does an agency have sole discretion to define what is a reasonable time under the APA, which would render meaningless § 706(1)'s clearly mandatory language that the "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." Notably, Congress did not say "agency action unlawfully withheld or delayed," as it could have if it meant to allow judicial review only where agency delay violated a fixed deadline set out in a separate statute or regulation. The deliberate insertion of the word "unreasonably" contemplates that reviewing courts will delve into the question of what is "reasonable" in the pacing of adjudication.

Nor are reviews of the pacing of agency action judicially unmanageable. Accord Zadvydas v. Davis, 533 U.S. 678, 699-700, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In Zadvydas, the Supreme Court grappled with the question of how to measure "reasonableness" in evaluating delays in removal of detained aliens. Of course the context of this case is different from that case, but the task is analogous: operationalizing the vague standard of "reasonable" delay. I follow the Court's example in Zadvydas and "measure reasonableness primarily in terms of the statute's basic purpose." Id. The language of 5 U.S.C. § 555(b) gives its purpose as "due regard for the convenience and necessity of the parties." Further, that provision is part of the APA, one of whose basic purposes was to provide minimum standards for agency performance. Attorney General's Manual on the Administrative Procedures Act 9 (1946). As a result, there is a "strong presumption in favor of judicial review of administrative action." INS v. St. Cyr, 533 U.S. 289, 298 (2001). It would be contrary to these purposes to interpret 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1) as merely hortatory.

Further, courts have noted that to defer to agencies on pace of adjudication would be effectively to lift the duty to adjudicate applications altogether. See Agbemaple v. INS, 1998 U.S. Dist. LEXIS 7953 *6 (E.D. Ill., 1998) ("Congress could not have intended to authorize potentially interminable delays. We hold that as a matter of law, [plaintiff] is entitled to a decision [on his immigrant visa application] within a reasonable time, and that it is within the power of the court to order such an adjudication."); Salehian, 2006 U.S. Dist. LEXIS 77028 *8 ("the Government simply does not possess unfettered

discretion to relegate aliens to a state of `limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA.").

# FACTUAL ALLEGATIONS

14. A noncitizen who is married to a U.S. citizen may apply for adjustment of status, which is an application for lawful permanent residency, or a green card.  8 U.S.C. § 1151(b)(2)(A)(i); 8 U.S.C. § 1255.

15. Plaintiff applied a Form I-485 on April 23, 2020. His Biometrics Appointment took place on November 10, 2020. He was interviewed by USCIS Boston Field Office on November 24, 2020.  To date, he has not received a decision on his I-485 application. See **Exhibits B, C and D**.

16. The current I-485 processing time for I-485 applications at the Boston Field Office is 10.5 months to 20 months. The Plaintiff's I-485 application has been pending for over 20 months.  See **Exhibits A and E**

17. Plaintiff has a U.S. wife and two U.S. Citizen children and 2 U.S. Citizen step-children, and has been waiting for over one year after the I-485 interview for a resolution on his application.  He has faced severe anxiety related to uncertainty if he will be able to remain in the U.S. permanently with his family, especially in such challenging times like the ones we live in due to the COVID-19 pandemic. See **Exhibit D**.

18. Plaintiff worked in the USA from 1985-2006 and contributed to

the social security fund. As of November 2020 he could have claimed Social Security benefits of about 2300/month but he would have to be a Permanent Resident to do so. In addition, he was without a job from December 2020 to April 2021 which put a substantial burden on the family and the lack of the social security benefits had made it even more difficult. See **Exhibit H.**

19. Plaintiff can only travel based on the approved Advance Parole now since his nonimmigrant status at the time of the I-485 filing was O-1A visa. Initially his Advance Parole was issued on September 23, 2020 and was valid until September 22, 2021. Plaintiff filed an application for the renewal of the Advance Parole on April 21, 2021 and this application is still pending now. Considering that it takes the USCIS now 9 to 12 months to adjudicate I-131 Advance Parole applications, Plaintiff is in a situation where he is not able to travel internationally at any time he needs to. This causes additional hardship considering that he has several aging siblings in England, China and Australia. He worries constantly that something may happen any time and he will not be able to travel without the timely approved Advance Parole. See **Exhibit I.**

20. Accordingly, Plaintiff is eligible for adjustment of status to lawful permanent residence, and asks this Court to require the agency to fulfill its non-discretionary obligation to adjudicate his case.

## CAUSES OF ACTION

### COUNT ONE

# MANDAMUS

21. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

22. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. See 28 U.S.C. § 1361.

23. Defendants have a nondiscretionary duty to adjudicate Plaintiff's application for adjustment of status.

24. Plaintiff has no other adequate remedy available to him to compel Defendants to adjudicate his application.

# COUNT TWO

# ADMINISTRATIVE PROCEDURE ACT

25. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

26. Pursuant to 5 U.S.C. § 706(1)(A), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

27. By failing to render a decision on Plaintiff's Form I-485, Defendants are violating the Administrative Procedure Act by unlawfully and unreasonably withholding agency action.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to adjudicate Plaintiff's application for adjustment of status within 30 days of the Court's order;

(3) Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

(4) Grant such further relief as the Court deems just and proper.

Dated: January 27, 2022

Respectfully submitted,
Bing Lim
through counsel,

/s/ Jeffrey W. Goldman, Esq.
Goldman & Partners Immigration Law, LLP
125 Washington Street, Suite 204
Salem, MA 01970
(978) 219-5055
jeff@gpimmigration.com

# TABLE OF EXHIBITS

**Exhibit A:** Approval Notice, Form I-130, Petition for Alien Relative

**Exhibit B:** Receipt Notice, Form I-485, Application to Register Permanent Residence or Adjust Status

**Exhibit C:** Biometrics Appointment Notice and Interview Notice, Form I-485, Application to Register Permanent Residence or Adjust Status

**Exhibit D**: Current status of the I-485 application from the USCIS website

**Exhibit E**: Current I-485 processing times for Boston Field Office

**Exhibit F:** USCIS Case Status Inquiries including the evidence of the email sent to two of the Defendants on November 30, 2021.

**Exhibit G**: Evidence of Plaintiff's four U.S. Citizen children and step-children.

**Exhibit H:** Evidence of the Social Security benefits being on hold due to pending I-485 application.

**Exhibit I**: Evidence of the initial Advance Parole approval, evidence of the pending Advance Parole renewal application, current I-131 processing time at National Benefits Center, evidence of the elderly siblings living abroad.